UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JACK GARNER,

  Plaintiff,

-vs-

NAVIENT SOLUTIONS, LLC,

  Defendant.

_____/

CASE NO.: 3:17-cv-31-TBR

## COMPLAINT

COMES NOW Plaintiff, Jack Garner, by and through the undersigned counsel, and sues Defendant, Navient Solutions, LLC ("Navient"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Navient from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Jefferson County, Kentucky. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, Navient, is a corporation which was formed in Delaware with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Kentucky through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (502) ***-0525, and was the called party and recipient of Navient's hereinafter described calls.

12. In or about August 2015, Plaintiff began receiving telephone calls to his aforementioned cellular telephone number from Navient seeking to recover an alleged debt.

13. Upon receipt of the calls from Navient, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (765) 637-0793, (765) 637-0791, (317) 550-5596, (317) 550-5589, (302) 261-5532, (302) 261-5793, (703) 439-1079, (703) 439-1080, and when those numbers are called, a pre-recorded message answers "Thanks you for calling Navient. This call may be monitored for quality purposes. Please enter your nine digit social security number, or hold for the next available representative."

14. Upon information and belief, some or all of the calls the Navient made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received.

15. None of Navient's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

16. Beginning on or about August 2015, Plaintiff began receiving calls for a student loan debt regarding his son.

17. On or about March 2016, during a conversation on his cellular telephone with one of Navient's agent, Plaintiff requested that Navient cease all calls since Plaintiff had agreed to a payment plan with Navient.

18. During the aforementioned phone call with Navient on or about March 2016, Plaintiff unequivocally revoked any express consent Navient had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

19. On or about August 23, 2016, Plaintiff answered a call from Navient to his aforementioned cellular telephone number to which Plaintiff informed Navient he was paying them the agreed monthly amount and again requested that Navient cease all calls.

20. Additionally, on or about the end of September 2016, Plaintiff demanded that Navient cease placing calls to his aforementioned cellular telephone number to which Navient's agent informed Plaintiff that in order to cease all future calls, Plaintiff needed to mail them a Cease and Desist letter.

21. Each subsequent call Navient made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

22. Each subsequent call the Navient made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23. The Plaintiff's requests for the harassment to end were ignored.

24. From approximately March 2016 through approximately the filing of this Complaint, or at such time as will be determined after a thorough review of Navient's records, Navient has called Plaintiff's aforementioned cellular telephone on a daily basis, despite Plaintiff's repeated requests for the calls to stop.

25. From about March 2016 through the filing of this Complaint, Navient has placed approximately (150) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of at least thirty-three (33) calls from August 17, 2016 to September 6, 2016).

26. Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

27. Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Navient, to remove the number.

28. Navient's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals informing Navient that they do not wish to be called.

29. Navient has had numerous complaints from consumers against them across the country asking not to be called; however, Navient continues to call the consumers.

30. Navient has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

31. Navient willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

32.     From each and every call placed without express consent by Navient to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33.     From each and every call without express consent placed by Navient to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Navient's call.

34.     From each and every call placed without express consent by Navient to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35.     Each and every call placed without express consent by Navient to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36.     Each and every call placed without express consent by Navient to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37.     Each and every call placed without express consent by Navient to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and her cellular phone services.

38. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by anxiety and aggravation.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Navient caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

41. Navient willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s Andrea L. Wasson*
Andrea L. Wasson, Esquire
Wasson & Thornhill, PLLC
3000 Breckenridge Lane
Louisville, KY 40220
(502) 964-7878 phone
(855) 257-9256 fax
andrea@wassonthornhill.com
Attorney for Plaintiff